Marietta DARLING on behalf of herself and all others similarly situated and Gray Panthers Advocacy Committee, Appellees,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services; Health Care Financing Administration, Appellant.

Michael Reagen, Director of the Department of Social Services of the State of Missouri.

Marietta DARLING on behalf of herself and all others similarly situated and Gray Panthers Advocacy Committee, Appellees,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services; Appellant.

Health Care Financing Administration; Michael Reagen, Director of the Department of Social Services of the State of Missouri.

Nos. 88–2873, 88–2874.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1990.

Decided Sept. 11, 1990.

Michael E. Robinson, Washington, D.C., for appellant.

Jeanne Finberg, Los Angeles, Cal., for appellees.

Before ARNOLD and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

In this case we revisit section 12202 of the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 42 U.S.C. § 1383c(b) (1988), which we first interpreted in *Darling v. Bowen*, 878 F.2d 1069 (8th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1782, 108 L.Ed.2d 783 (1990)[1]. Section 12202 is a remedial statute enacted for the purpose of alleviating the adverse consequences that certain increases in social security benefits increases had for disabled widow(er)s seeking Medicaid. In 1984, when federal legislation to increase the social security benefits for disabled wid-

---

**1.** The reader should refer to that opinion for a more thorough factual and statutory history    than is provided here.

ow(er)s became effective,[2] some recipients' incomes rose above the eligibility levels for supplemental security income ("SSI") and state supplementary payments ("SSP"). In states where Medicaid eligibility flows automatically from SSI or SSP eligibility, persons who lost SSI or SSP after the 1984 increases obviously also lost Medicaid. In states where Medicaid eligibility is not contingent upon SSI or SSP eligibility—that is, states that have exercised the "209(b)" option—persons affected by the 1984 increases had to pay a higher "spend-down" in order to obtain Medicaid.[3]

Congress then enacted section 12202 of COBRA in order to alleviate the adverse effects of the 1984 increases on affected individuals' Medicaid eligibility. Section 12202 provides that eligible persons who lost benefits under subchapter XVI (which includes both SSI and SSP) as a result of the 1984 increases are deemed for purposes of Medicaid to be individuals to whom subchapter XVI benefits are paid if they would be eligible for such benefits if the 1984 increases were disregarded. 42 U.S.C. § 1383c(b) (1988). Section 12202 also directs the Secretary of Health and Human Services to provide each state with the names of all individuals who might qualify. for the benefit of section 12202, and it instructs each state to then notify such persons of their right to apply for assistance. COBRA, Pub.L. No. 99–272, § 12202(b), 100 Stat. 82, 291, 1986 U.S.Code Cong. & Admin.News 291 (not codified in 42 U.S.C. § 1383c).

In *Darling v. Bowen*, this court interpreted section 12202 to mean that eligible individuals who lost SSI because of the 1984 increases were deemed not only to have the status of being an SSI recipient, but were also deemed to be receiving no more income than would qualify them for SSI. 878 F.2d at 1076. This means that in 209(b) states, where Medicaid eligibility is not contingent on SSI eligibility, disabled widow(er)s whose incomes rose above the SSI level after the 1984 increases could disregard the 1984 increases to the extent necessary to reduce their incomes to the SSI level for Medicaid purposes. *Id.* at 1073.

In that opinion, we did not explicitly address how section 12202 treated eligible persons who lost only SSP because of the 1984 increases, and that is what is at issue here. The plaintiffs insist that the question of how section 12202 treats SSP recipients is not before this court at this time because the only issue that the defendants have appealed is the issue of the content of the notices. The plaintiffs incorrectly treat these issues as though they were completely separate. To resolve the question of what the notices should say we must decide what effect section 12202 has on SSP recipients.

Since section 12202 was enacted, the parties have been unable to agree upon the content of the notices that must be sent to eligible widow(er)s in 209(b) states. The Secretary argues that while the section 12202 deeming provision deems eligible persons who lost SSI to be receiving no more income than the *SSI* eligibility level, it deems eligible persons who lost SSP to be receiving no more income than the *SSP* eligibility level. The Secretary argues that the notices should reflect that distinction. On the other hand, the plaintiffs argue that for all persons—whether they lost SSI or SSP as a result of the 1984 increases—the section 12202 deeming provision deems

**2.** *See* Social Security Amendments of 1983, Pub.L. No. 98–21, § 134, 1983 U.S.Code Cong. & Admin.News (97 Stat.) 97–98.

**3.** The 209(b) option is codified at 42 U.S.C. § 1396a(f) (1988). It provides that states can opt out of the requirement of providing Medicaid automatically to persons who receive SSI and elect instead to provide Medicaid only to those individuals who would have been eligible for it under the state Medicaid plan in effect on January 1, 1972. However, states that choose to exercise the 209(b) option are re-

quired to adopt a spend-down provision. The spend-down is analogous to the deductible in the insurance context. Under a spend-down provision, an individual whose income exceeds the state standard can become eligible for Medicaid when the excess (that part of his income that exceeds the state standard) is consumed by expenses for medical care. *See generally Schweiker v. Gray Panthers*, 453 U.S. 34, 36–40, 101 S.Ct. 2633, 2636–38, 69 L.Ed.2d 460 (1981).

claimants to be receiving no more income than would qualify them for SSI.

To understand this issue it is important to take note of a fact undisputed in this case: SSP always involves a higher—that is, a more generous—eligibility level than does SSI. *See* Appellants' Brief at 6; Appellees' Brief at 6; 42 U.S.C. § 1396d(j) (1988). Thus, from a claimant's perspective, it is always more advantageous to be deemed to be receiving no more income than would qualify for SSI, rather than SSP, because the SSI level is always lower. This is true, of course, because the lower the "deemed" income, the less the claimant must spend-down in order to obtain Medicaid.

In September 1988 the district court entered an order that "in any State with SSP eligibility differing from the SSI eligibility ... the base used [in the notice must] be the more advantageous (to claimant) of the two forms of eligibility." *Darling v. Bowen,* No. 87–6067, slip op. at 2, n. 1 (W.D.Mo. Sept. 6, 1988). The Secretary moved to alter that judgment, pointing out to the district court that because SSP is a supplement to SSI, the SSP eligibility level is always different from the SSI level. Thus, the Secretary argued, it is always more advantageous to the claimant that the deemed income level be the SSI level for purposes of determining Medicaid eligibility. The Secretary asked the district court to clarify whether under section 12202 it intended 209(b) states to treat claimants who, because of the 1984 increases, lost eligibility for SSP payments as if they had no more income than would qualify them for SSI because that status would be the most advantageous for the claimant. By order dated October 14, 1988, the district court held that "[b]ased on representations that reference to SSP will not be advantageous to any Medicaid claimant ... the SSP reference need not be in the Government's notice." *Darling v. Bowen,* No. 87–6067, slip op. (W.D.Mo. Oct. 14, 1988). Thus, by its order the district court in effect held that for all claimants, regardless of whether they lost SSP or SSI eligi-

bility as a result of the 1984 increases, section 12202 deems them to be receiving no more income than would qualify them for SSI. It is from that order that the Secretary now appeals.

ANALYSIS

We agree with the Secretary that the district court erred in its October 14, 1988 ruling. The statute, as interpreted in our prior opinion, provides that eligible persons who lost entitlement to benefits under subchapter XVI (which includes both SSI and SSP) are deemed for purposes of Medicaid to be receiving no more income than would qualify them for benefits under subchapter XVI. We believe that under the only permissible construction of this language, eligible persons who lost SSI because of the increases are deemed down to the SSI level, but eligible persons who lost SSP are deemed to the higher SSP level. In other words, the statute restores the individual to the status that he lost; if he lost SSI, he is deemed to that level, and if he lost SSP he is deemed to that level. This provision must be read to deem the individuals' income to the SSI or SSP level, depending on which set of benefits he lost. Otherwise, the statute places persons who lost only SSP eligibility in a better position than they were in *before* the 1984 increases, certainly an unintended result.

To illustrate, consider a claimant in a 209(b) state who before the 1984 increases had a monthly income of $400. Assume that the eligibility level for SSI is $386 and the eligibility level for SSP is $420. This individual is thus eligible for SSP, but not SSI. Assume that his[4] monthly SSP is $20. If the Medicaid eligibility level was $350, the individual would have to spend-down $50 to become eligible for Medicaid; he has $400 of countable income for Medicaid purposes. (SSP payments are not counted as income for purposes of computing the spend down. *See* 42 U.S.C. § 1396a(f) (1988)). Assume next that the 1984 increases raised his income by $50. He now has lost eligibility for an SSP because his income has risen above the $420 level. Without the remedial impact of sec-

**4.** The terms "he" and "his" in this opinion are used in the generic sense.

tion 12202 of COBRA, this individual would now have to spend-down $100 in order to become eligible for Medicaid. Section 12202, however, operates to deem this individual to be receiving a lower income for purposes of his Medicaid eligibility. According to the plaintiffs and the district court, this individual, who before the increases had $400 of countable income, is deemed by section 12202 to be receiving $386, which is the SSI eligibility level. Pursuant to that view, he would have to spend-down only $36 to become eligible for Medicaid. According to the defendants, on the other hand, this individual is deemed by section 12202 to be receiving $420, the SSP eligibility level, and therefore must spend down $70 to receive Medicaid.

This example illustrates that by its ruling below the district court has created a group of people who, after section 12202, found themselves in a better economic position than they were in even before the 1984 increases were enacted. Before the increases, the individual had $400 of income countable for Medicaid purposes. If his income is deemed down to the SSI level, as plaintiffs would have it, after section 12202 he has a countable income of $386, which for Medicaid purposes puts him in a better position than he was in before the increases.[5]

There is no dispute in this case as to the remedial purpose of section 12202: it was meant to alleviate the adverse effects on the Medicaid eligibility of disabled widow(er)s caused by the 1984 increases. *See Darling*, 878 F.2d at 1072. The plaintiffs have presented no authority suggesting that section 12202 was meant to place any class of people in a better position than they were in *before* the 1984 increases. We consider this to be an unreasonable and impermissible construction of this remedial statute, and we decline to adopt it.

The plaintiffs argue that this issue was decided in our prior opinion and that under the law of the case doctrine it cannot now

be reconsidered. We think not. In our prior opinion, we rendered no explicit holding about section 12202's treatment of persons who lost only SSP, and we did not consider or give any direction as to the content of the notices. In that opinion we did state repeatedly that under section 12202 eligible persons who lost SSI entitlement as a result of the 1984 increases were deemed to have an income at the SSI level. We did not state that this also meant that persons who lost SSP were also deemed to the SSI level. Nothing in that opinion precludes us from now deciding whether the notices should contain a reference to SSP.

We think that under the only reasonable construction of section 12202, eligible persons who lost SSI are deemed to the SSI level and eligible persons who lost SSP are deemed to the SSP level. As was emphasized in our prior opinion, our objective in interpreting section 12202 is to achieve Congress's purpose of alleviating the adverse effects of the 1984 increases. We emphasized there that section 12202 should not be construed to discriminate in favor of or against any particular group of people. *Darling*, 878 F.2d at 1074. To deem all affected individuals down to the SSI level regardless of their status before the 1984 increases, we believe, would frustrate that goal; it would unfairly favor one group of claimants without sound reason and would produce a result unintended by Congress in enacting section 12202.

We therefore hold that persons who qualify as eligible individuals under 42 U.S.C. § 1383c(b)(2) by reason of their loss of SSP benefits as a result of the 1984 increases are deemed under section 1383c(b)(1) to be receiving no more income than would qualify them for SSP. We have already held in *Darling v. Bowen*, 878 F.2d 1069 (8th Cir.1989), that persons who lost SSI as a result of the 1984 increases are deemed down to the SSI level. We think that the logical inference with regard to an individual who lost *both* SSI and SSP is that such individual should be deemed

---

5. It is not objectionable that in our example the individual, under the correct view, is deemed to have an income of $420 even though his pre-increase income was $400. We have never held

that section 12202 provided for a *complete* disregard of the 1984 increases for Medicaid purposes.

**136**

down to the SSI level. That result would serve the remedial goals of the statute without placing the individual in a better position than he was in before the 1984 increases.

CONCLUSION

The order of the district court is thus reversed. This case is remanded to the district court to instruct the defendants to issue notices consistent with this opinion and as required by section 12202.